# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ALFONSO JACKSON, | ) | 3:10-cv-00771-LRH (WGC) |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| JOHN DOE, *et al.*, | ) | |
| Defendants. | ) | |

Before this court is "Plaintiff's Motion Identifying Unserved Defendant James Minnix and Request for an Order to Identify Him Through Publication." (Doc. #54.)   The court cannot discern exactly what plaintiff is seeking in his Motion.

This "motion" appears to be almost identical to plaintiff's earlier "motion" (Doc. #43) wherein plaintiff requested an order to "identify three unserved defendants through publication" (Glinda Strolk, Joshua Conner and James Minnix). Following a hearing on December 9, 2011, plaintiff's earlier motion (Doc. #43) was "granted to the extent that Plaintiff may attempt to serve by publication those defendants who have not appeared in the case." Plaintiff was also advised that the court cannot assist him with this and that he is responsible for any expenses that may arise relative to service by publication. (See, Minutes of Proceedings, 12/9/11, Doc. #53). Therefore, plaintiff's Motion (Doc. #54) is **DENIED.** To the extent plaintiff is asking the court to effect service by publication, plaintiff's Motion (Doc. #54) is **DENIED** as moot as the court already authorized service by publication.

At the hearing on December 9, 2011, the defendants were ordered to verify the last known addresses of the three unserved defendants, which they did on December 14, 2011. (Docs. #55 and #56.) According to their "Notice," the last known addresses for two of the defendants (Conner and Stroik) were verified. Defendants' counsel advised the last known address of defendant Minnix has since been updated. Defendants' counsel represented he would submit the last known address of defendant Minnix under seal. Therefore, the Clerk's office shall issue a summons herein as to defendant Minnix and send the same to the U.S. Marshall with the address provided under seal to attempt to effect service on defendant Minnix.

It is further ordered that the Clerk shall send to Plaintiff one (1) USM-285 form, one copy of the Second Amended Complaint (Doc. #12) and one (1) copy of this order for the Defendants. Plaintiff shall have ten (10) days after receipt of the form complete the USM-285 service form as to defendant Minnix and return it along with the other documents to the U.S. Marshal for service.

Pursuant to the Amended Screening Order (Doc. #14), service on the defendants was to be completed within one hundred twenty (120) days of the date the second amended complaint was filed. The Second Amended Complaint was filed on May 31, 2011; one hundred twenty (120) days from that date is September 27, 2011, and the deadline to complete service in the method specified in that Order (Doc. #14) has long since expired. However, since the U.S. Marshal did not file the unexecuted summons as to defendants Conner and Stroik respectively (Docs. #36 and #37) until October 13, 2011, good cause exists to extend the deadline to allow plaintiff to attempt to effect service on any unserved defendants herein, either personally or by publication, on or before February 15, 2012.

**There shall be no further extensions in this regard.**

**IT IS SO ORDERED.**

DATED: December 21, 2011.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE