1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

7
8

9   ALFONSO JACKSON,                    )        3:10-cv-00771-LRH (WGC)
                                        )
10            Plaintiff,                )        **ORDER**
                                        )
11       vs.                            )
                                        )
12   JOHN DOE, *et. al.*                )
                                        )
13            Defendants.               )
    _____ )

14

15      Before the court is Defendants' Motion to Strike Plaintiff's Cross-Motion for Summary

Judgment.  (Doc. # 83.)[1]  Plaintiff has opposed.  (Doc. # 85.)

16

17      A Scheduling Order was entered in this case on July 28, 2011, setting a discovery

deadline of October 26, 2011, and dispositive motion deadline of November 25, 2011.  (Doc. #

18   22.)  A motion filed beyond the time limits set forth in the Scheduling Order "shall be stricken,

19   unless the Court grants an exception for good cause shown."  (*Id.*  ¶ 6.)

20      On November 17, 2011, the court vacated the dispositive motion deadline (*see* Doc. #

21   46), and on December 9, 2011, extended it to January 31, 2012 (Doc. # 53).

22      On January 23, 2012, Plaintiff filed a Motion to Stay Summary Judgment (Doc. # 60)

23   and Motion to Reopen Discovery (Doc. # 61).

24      On January 31, 2012, Defendants filed their Motion for Summary Judgment.  (Doc. #

25   65.)

26      While Plaintiff filed his Motion to Stay Summary Judgment and Motion to Reopen

27

28
    _____
        [1] Refers to court's docket number.

1  Discovery prior to the dispositive motion deadline of January 31, 2012, the matter was not

2  heard by the court until February 13, 2012. (*See* Docs. # 70, # 72.)  By that time, Defendants

3  had filed their motion for summary judgment.  (Doc. # 65.) At the February 13, 2012 hearing,

4  the court ordered that Plaintiff be allowed to review his pertinent mental health records. (Doc.

5  # 72.)  In addition, the court advised the parties that it would extend the deadlines regarding

6  the motion for summary judgment, but that it would not enter a stay. (*Id.*) Plaintiff was given

7  up to March 9, 2012, to respond to Defendants' Motion for Summary Judgment, and

8  Defendants were ordered to file a reply by March 30, 2012.  (*Id.*) The deadlines with respect

9  to Defendants' Motion for Summary Judgment were subsequently extended again on April 4,

10  2012. (*See* Doc. # 79, making Plaintiff's opposition due by April 27, 2012, and Defendants'

11  reply due by May 11, 2012.)

12  　　　　On April 23, 2012, Plaintiff timely filed his Opposition (Doc. # 80) to Defendants'

13  Motion for Summary Judgment, and filed a Cross-Motion for Summary Judgment (Doc. # 81).[2]

14  　　　　On April 25, 2012, Defendants filed their reply brief in support of their Motion for

15  Summary Judgment (Doc. # 82) and the instant Motion to Strike Plaintiff's Cross-Motion for

16  Summary Judgment (Doc. # 83). Defendants also filed an opposition to Plaintiff's Cross-

17  Motion for Summary Judgment on May 2, 2012.  (Doc. # 84.)

18  　　　　In the instant motion, Defendants argue that Plaintiff's Cross-Motion For Summary

19  Judgment, filed on April 23, 2012, should be stricken because it was filed well after the

20  dispositive motion deadline of January 31, 2012. (Doc. # 83 at 2-3.) Additionally, Defendants

21  assert that Plaintiff has not set forth the requisite good cause showing to justify the late filing

22  of his motion. (*Id.*  at 3-4.) Defendants' claim prejudice in having to oppose an untimely

23  motion. (*Id.*  at 4.)

24  　　　　Defendants are correct that Plaintiff's Cross-Motion for Summary Judgment was filed

25  after the January 31, 2012 dispositive motion filing deadline. Therefore, pursuant to the

26  Scheduling Order, the motion should be stricken in the absence of a finding of good cause. For

27

28  　　　　　[2]These documents are identical but were separately docketed by the Clerks' Office.

the reasons set forth below, the court finds good cause exists to allow the untimely filing of the motion.

It appears that Plaintiff interpreted the court's orders extending the deadline to respond to Defendants' motion (Doc. # 72 (extending the deadline for Plaintiff's response to March 9, 2012) and Doc. # 79 (extending the deadline for Plaintiff's response to April 27, 2012) as applying to the deadline for him to file his own dispositive motion. (*See* Doc. # 85 at 3.)

The court can appreciate Plaintiff's confusion given his status as a pro se litigant. In addition, the court acknowledges that it did not hold a hearing on Plaintiff's motion to reopen discovery and stay summary judgment until after the January 31, 2012 dispositive motion deadline had passed. A review of Plaintiff's Motion to Stay Summary Judgment (Doc. # 60) reveals that it was not limited to opposing any eventual dispositive motion filed by Defendants. In fact, when Plaintiff filed the Motion to Stay Summary Judgment on January 23, 2012, Defendants had not yet filed a dispositive motion. In hindsight, Plaintiff's motion should have been interpreted as requesting an extension of the dispositive motion deadline, and this topic should have been addressed at the hearing on February 13, 2012.

While Defendants argue that they would be prejudiced by having to respond to Plaintiff's motion, they were able to promptly file an opposition to Plaintiff's Cross-Motion for Summary Judgment on May 2, 2012. (*See* Doc. # 84.) Moreover, it is the court's observation that the arguments asserted in Plaintiff's Cross-Motion for Summary Judgment are largely duplicative of the arguments he makes in opposition to Defendants' Motion for Summary Judgment, which Defendants had to address in their reply brief. In fact, their opposition generally asserts the same arguments that were raised in Defendants' Motion for Summary Judgment and their reply brief. (*See* Docs. # 83, 84.) Accordingly, the court finds that Defendants were not prejudiced in having to oppose Plaintiff's Cross-Motion for Summary Judgment.

///

///

///

1    In conclusion, Defendants' Motion to Strike Plaintiff's Cross-Motion for Summary

2   Judgment (Doc. # 83) is **DENIED**.

3   DATED: July 5, 2012.

4

5                                                    _____
                                                     WILLIAM G.  COBB
6                                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                4