UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| ALFONSO JACKSON, | ) | 3:10-cv-00771-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | January 24, 2013 |
| | ) | |
| JOHN DOE, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden      REPORTER:             FTR

COUNSEL FOR PLAINTIFF:   Alfonso Jackson, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANT(S):   Brian Hagen

**MINUTE ORDER IN CHAMBERS: Motion Hearing**

1:32 p.m. Court convenes.

The court notes that it appears plaintiff's copy work availability has been clarified in defendants' "Memorandum with Regard to Inmate Accounts" filed on January 9, 2013 (Dkt. #123). The court requests that Mr. Hagen briefly review the status of Mr. Jackson's copywork and legal supply status.

Mr. Hagen represents that Ely State Prison ("ESP") had erred in denying plaintiff's requests for copywork; however, since plaintiff's transfer to Northern Nevada Correctional Center ("NNCC") he now has access to a $20.80 credit for copywork. Additionally, it appears that there was a $5.00 credit applied to plaintiff's account because of some confusion regarding the start date of plaintiff's copy extension (see Dkt. #123; Exhibit A, Declaration of Dawn Rosenberg). Mr. Hagen indicates it is his understanding that, at this time, Mr. Jackson does not have any funds available for legal supplies. Furthermore, plaintiff has accrued a debt of $63.16 in legal supplies; however, the legal supplies debt figure has not been updated since the end of October 2012. Mr. Jackson indicates that it is his understanding that he has $20.80 in legal supplies available to him. Mr. Hagen attempts to clarify that the $20.80 is for copywork and not legal supplies.

In view of the apparent confusion regarding Mr. Jackson's current availability of funds for copywork and legal supply, the court hereby orders that a $20.80 credit be allocated toward

MINUTES OF PROCEEDINGS
3:10-cv-00771-LRH-WGC
Date: January 24, 2013
Page 2

plaintiff's legal supplies account.  Therefore, plaintiff's "Motion to Request the Court to Issue an Order to NDOC Allowing Him to Exceed His Hundred Dollar Copy Limit and His Legal Supplies" (Dkt. #100) is **GRANTED** to the extent that $20.80 shall be allocated into plaintiff's legal supply fund.

The court turns to the submission of the Proposed Joint Pretrial Order.  The court inquires whether the parties have attempted to prepare a Proposed Joint Pretrial Order.  Mr. Hagen states that he has sent Mr. Jackson an original draft of the Proposed Joint Pretrial Order.  Mr. Hagen represents that Mr. Jackson and himself had a phone conversation in early December 2012 in which they discussed the content of the pretrial order.  Thereafter, Mr. Hagen revised the pretrial order to address the revisions recommended by plaintiff and sent Mr. Jackson a revised copy.  However, it appears that Mr. Jackson never received the revised pretrial order.  In attempt to resolve this issue, Mr. Hagen has sent (today) plaintiff the revised copy of the pretrial order via United States Post Office.

The court expresses its concern that two deadlines have now passed for the submission of the Proposed Joint Pretrial Order.  The court directs that the parties finalize the Proposed Joint Pretrial Order as soon as possible and submit it to the court for approval.

**IT IS SO ORDERED.**

1:50 p.m. Court Adjourns.

LANCE S. WILSON, CLERK

By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk