# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ALFONSO JACKSON, | ) | 3:10-cv-00771-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | August 6, 2013 |
| | ) | |
| JOHN DOE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER:   NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is Plaintiff's "Emergency Motion Requesting the Court to Enter an Order of Contempt Against Defendants and NDOC for Failure to Comply with Court Orders #122, # 126 and # 132." (Doc. 136). Defendants have responded and oppose plaintiff's motion. (Doc. # 139).

The gravamen of Plaintiff's motion is that NDOC (and not necessarily the Defendants herein) have allegedly failed to comply with certain court orders granting Plaintiff an extension of his copywork account. However, as Defendants note in their response, the documents Plaintiff himself submits with his motion (Exhibits A & B to Doc. # 136) explain that Plaintiff has had available to him the sum of $19.50 for copywork and that there is no limit for supplies (Exhibit. A to Doc. # 136). While there may have been some confusion as to case numbers, Exhibit B clarifies the amount of the extension, i.e., $19.50. In fact, the legal copywork amount was again increased by $15.00 by reason of this court's order of April 8, 2013 (Doc. # 132), thereby raising the total copywork available to Plaintiff to $34.50. (Footnote 3, Doc. # 139). (The discrepancy between the $19.50 amount referred to in NDOC's responses to Plaintiff's "kites," Exhibits A & B, is likely explained by the delay in processing the court's $15.00 extension which was entered on April 8. The two NDOC responses re the amount of the copywork funds are dated April 8 and April 12, 2013). The Declaration accompanying Defendants' response, Doc. # 139-1, indicates Plaintiff Jackson since April 11, 2013, has not made any requests for any legal supplies or legal photocopies (id. at para 11). Therefore, there is no basis for Plaintiff's motion for contempt for failure to comply with certain court orders regarding copywork and Plaintiff's motion, # 136 is **DENIED.**

MINUTES OF THE COURT
3:10-cv-00771-LRH-WGC
Date:  August 6, 2013
Page 2

      Plaintiff's motion also complains that former Deputy Attorney General Hagen never sent Plaintiff a copy of the Pretrial Order (Doc. 136 at 1; Exhibit C). Irrespective of whether Plaintiff was provided a copy of the Pretrial Order, the record reflects that Plaintiff Jackson signed the proposed Pretrial Order when it was submitted (Doc. # 125 at 10). Subsequent to Judge Hicks approving the Pretrial Order (Doc. # 127), the court's docket sheet reflects a copy was mailed to Plaintiff at the Ely State Prison (Doc. # 127). Therefore, while Mr. Hagen may or may not have mailed Plaintiff a copy of the Joint Pretrial Order, the court clerk did so. Therefore, there is no necessity for the court to order Defendants' counsel to send Plaintiff another copy of the Pretrial Order and this component of Plaintiff's motion is **DENIED as moot.** However, out of an abundance of caution, the clerk is directed to mail Plaintiff Jackson another copy of the Pretrial Order (Doc. # 127).

      The hearing on Plaintiff's motion scheduled for Friday, August 8, 2013, is **VACATED.**

    **IT IS SO ORDERED.**

                                      LANCE S. WILSON, CLERK


                              By:      /s/
                                      Deputy Clerk