UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| ALFONSO JACKSON,          ) <br>                                                  )<br>          Plaintiff,                      )          3:10-cv-00771-LRH-WGC<br>                                                  )<br>     v.                                          )<br>                                                  )          O R D E R<br>     JOHN DOE; *et al.*,                )<br>                                                  )<br>          Defendants.              )<br> _____ ) | |

Before the Court is Defendants' Motions in Limine No. 1 through 7 (#143). No opposition has been filed by Plaintiff.

The Court rules upon the motions in the order presented:

**A. Motion in Limine No. 1 - Seeking to Preclude Plaintiff from Pleading Inexperience, Mental Illness or Incarceration in Order to Obtain Sympathy from the Jury.**

Such commentary, discussion or testimony would clearly not be admissible under the Federal Rules of Evidence. *See* generally Federal Rules of Evidence 401 through 403. The motion is granted and Plaintiff is instructed by the Court that in no manner shall he comment or testify upon his personal inexperience, mental health, physical or emotional challenges, or limitations created by the conditions of his incarceration, particularly as they may contrast to the skills and resources of counsel to defendants.

///

**B.  Motion in Limine No. 2 - Prior Settlements or Settlement Offers.**

Any such commentary, discussion or testimony by Plaintiff is clearly inadmissible and in violation of Federal Rules of Evidence 403 and 408.  The Plaintiff shall not make any comment or reference to settlement offers to him or any other inmate.

**C.  Motion in Limine No. 3 - Seeking to Require Testimony from Plaintiff in the Form of Questions and Answers.**

The Court's practice is to allow pro se litigants to testify in a narrative fashion provided that such testimony centers upon admissible evidence under the Federal Rules of Evidence.  In the event the pro se party attempts to testify to matters that are not properly admissible under the Rules of Evidence or the testimony tends to be irrelevant, confusing, misleading or unnecessary, the pro se party will be admonished by the Court and may thereafter be required to pose the question before testifying to the question's answer. Each question will be subject to objection by the opposing party and answers will only be allowed if they are directly responsive to the question posed and are admissible as evidence.

**D.  Motion in Limine No. 4 - Discussion or Allegations of Prior Bad Acts by Defendants.**

The Plaintiff shall not be allowed to introduce any evidence of alleged prior bad acts or character evidence of any defendants in this case prior to reviewing such proposed evidence with the Court in advance and outside of the presence of the jury. The Court cautions the Plaintiff that such proposed evidence would first have to comply with all rules of evidence before it would be admissible before the jury.

**E.  Motion in Limine No. 5 - Discussions Concerning Timeliness of Medical Attention and/or Competence of Medical Providers.**

Evidence of Plaintiff's medical treatment arising from the incident in question is relevant and admissible.  Plaintiff will be allowed to testify concerning any claimed injuries and the medical treatment which he received for such injuries.  However, he may not testify concerning his personal opinions of the competency of his medial providers or his opinions concerning how his injuries may

1  have been more properly addressed by medical providers.

2  **F.  Motion in Limine No. 6 - Testimony and Evidence Concerning Long Term Injuries**.

3  Plaintiff will be prohibited from testifying or commenting, and is instructed not to testify or comment, upon statements made by doctors, psychologists or psychiatrists who have treated him. Plaintiff can testify as to his immediate physical injuries and ailments which are reasonably related in time to the incident which is the subject of this litigation. However, he is not a competent witness to testify to the medical causation or existence of long term injuries alleged or believed to have been caused by the incident in question. Plaintiff is ordered to make no comment, discussion or to testify concerning his personal opinions of long term injuries alleged to have been caused by the incident which is the subject of this litigation.

11  **G.  Motion in Limine No. 7 - Discussing Procedural History of the Case.**

12  There is nothing about the procedural history of this case that constitutes admissible evidence at trial. No comment should be made by either side concerning the procedural history of this case.

14  IN CONCLUSION, the State has brought motions in limine which require no debate. Without exception they all involve conduct or comment which has no place in the course of any trial. When this case goes to trial, both sides will be held to the Federal Rules of Evidence and, particularly, may present only admissible evidence and comment directly and reasonably related to such evidence.

18  In granting Defendants' Motions in Limine, the Court has not ruled any differently than if these matters were raised independently in the course of the trial. Both sides are cautioned to conduct themselves accordingly.

21  IT IS SO ORDERED.

22  DATED this 31st day of January, 2014.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE